UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

UNITED STATES OF AMERICA,

        -against-

MUJEEB RAHMAN,

                     Defendant.

------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**14-CR-165 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Mujeeb Rahman is currently an inmate at the Metropolitan Detention Center

(the "MDC"). Before the court is Defendant's Motion for Bond Under Medical Grounds (the

"Motion for Bond"). (Mot. for Bond (Dkt. 38).) For the reasons stated below, the motion is

DENIED.

## I.    BACKGROUND

On January 9, 2015, Defendant was sentenced to eighteen months of incarceration, a

three-year term of supervised release, and a $5,000 fine on one count of visa fraud under

18 U.S.C. § 1546(a). (Judgment (Dkt. 25).) On July 20, 2015, the day before Defendant's

scheduled surrender, Defendant suffered a fall and was admitted to the hospital. (Pl.'s Ltr.

(Dkt. 37); see also id. Suppl.) Defendant received care for a foot injury, and underwent

angioplasty after experiencing dizziness and chest pains. (Mot. for Bond ¶¶ 1, 4.)

Defendant was transferred to the MDC on July 23, 2015, the day after his angioplasty.

(Id. ¶ 7.) Since that time, he alleges that incarceration has had a negative effect on his health due

to "lack of bed rest" and the "performance of duties" that require him to stand up. (Id. ¶ 8.) On

August 4, 2015, Defendant file the Motion for Bond pro se from the MDC, requesting that the

court grant him "release for [a] few weeks on medical grounds, so that he has a speedy health

recovery at home and [can] attend his Heart Surgery scheduled for August 27, 2015 by [Elmhurst Hospital Center] Cardiology Department and [receive follow-up] treatment of his left foot ankle by [Queens Hospital Center] on humanitarian and compassionate grounds." (Id. at 4.)

## II. DISCUSSION

The court lacks the authority to grant Defendant's Motion for Bond. As the Government points out, "[f]ederal courts are generally forbidden to 'modify a term of imprisonment once it has been imposed,'" except under certain circumstances specified by 18 U.S.C. § 3582(c). (Resp. to Mot. for Bond ("Gov't Resp.") (Dkt. 39) (quoting Freeman v. United States, 131 S. Ct. 2685, 2690 (2011)).) None of those circumstances apply here.

First, and most relevant to this case, a court may reduce a sentence "upon motion of the Director of the Bureau of Prisons" (the "BOP Director") if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). "By requiring such a motion [from the BOP Director], Congress has entrusted to the Bureau of Prisons the primary responsibility for determining whether a particular inmate's health warrants a reduction in sentence." United States v. Traynor, No. 04-CR-0582 (NGG), 2009 WL 368927, at *2 (E.D.N.Y. Feb. 13, 2009) (citing Senate Report No. 98-225, 98th Cong., 2d Sess., reprinted in 1984 U.S.C.C.A.N. 3182, 3304). "In exercising this responsibility, the Bureau of Prisons 'has chosen to restrict the application of 18 U.S.C. 3582(c)(1)(A) to inmates suffering from a serious medical condition that is generally terminal, with a determinate life expectancy.'" Id. (quoting United States v. Marks, No. 06-CR-20018, 2009 WL 275410, at *2 (W.D. La. Feb. 4, 2009)). Where, as here, "the Bureau of Prisons has not moved to reduce the terms of a defendant's sentence, the Court may not modify a term of imprisonment." United States v. DeFeo,

No. 90-CR-250, 2008 WL 2557425, at *3 (S.D.N.Y. June 26, 2008) (emphasis added) (citing

United States v. Olachea-Merida, 242 F.3d 385, 385 (9th Cir. 2000)).[1]

The other conditions that permit sentence modification under Section 3582(c) are

similarly inapplicable to Defendant's request. Defendant is not 30 years or more into his

sentence, a threshold requirement under 18 U.S.C. § 3582(c)(1)(A)(ii) (a condition that, in any

event, is only available "upon motion of the Director of the Bureau of Prisons," as described

above). Defendant was not "sentenced to a term of imprisonment based on a sentencing range

that has subsequently been lowered by the Sentencing Commission." Id. § 3582(c)(2). (See also

Gov't Resp. at 2 (averring that there has been no change to the relevant sentencing guidelines).)

Finally, "the court may modify an imposed term of imprisonment to the extent otherwise

expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."

18 U.S.C. § 3582(c)(1)(B). Defendant does not allege, and the court is not aware of, any

grounds in the cited provisions that would permit a modification of Defendant's sentence. (See,

e.g., Gov't Resp. at 2 (explaining why Rule 35 is inapplicable).)

The undersigned is sympathetic to the challenges of managing injury and chronic illness.

In addition, the court is cognizant of its obligation to "construe the submissions of a pro se

litigant liberally and interpret them "to raise the strongest arguments that they suggest." Keeling

v. Hars, 809 F.3d 43, 47 n.2 (2d Cir. 2015) (citing Triestman v. Fed. Bureau of Prisons,

470 F.3d 471, 474 (2d Cir. 2006)). Defendant's asserted medical needs, however, do not

establish an actionable basis for the court to modify his sentence.

---

[1] The procedure for requesting that the Bureau of Prisons make a motion under Section 3582(c)(1)(A) is set forth at 28 C.F.R. §§ 571.60-64. An inmate should generally submit such a request to the Warden in writing. Id. § 571.61(a). The request must, at a minimum, include the "extraordinary and compelling" circumstances claimed, and the inmate's "proposed release plans." Id. If the Warden believes the request has merit, the matter must be referred to several other officials for approval. See id. § 571.62. The regulations caution that the Bureau will move for modification "only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." Id. § 571.60(a).

## III.  CONCLUSION

For the reasons stated above, Defendant's Motion for Bond is DENIED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
       September *16*, 2016

NICHOLAS G. GARAUFIS
United States District Judge